# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM R. MESMER | * | |
| Plaintiff | * | |
| v | * | Civil Action Case No. DKC-10-1053 |
| ST. MARY'S COUNTY, et al., | * | |
| Defendants | * | |

***

## MEMORANDUM OPINION

Pending are William R. Mesmer's civil rights Complaint for damages and Motion to Proceed in Forma Pauperis pursuant to 42 U.S.C. § 1983, for claims arising from his arrest and detention on the night of March 26, 2009.[1] The Court will grant Mesmer's Motion to Proceed in Forma Pauperis for the purpose of preliminary review and grant him twenty-one days to provide supplemental financial information.

Mesmer's claims of excessive force and denial of medical care against the Maryland State Police, Trooper SGT Redmond,[2] Trooper CPL Jeffrey Linger, Trooper FC Robert Reeza, St. Mary's County Sheriff, Department of Corrections, George A. Hayden, SMCDC, Austin E. Bernard, SMCDC, Andre Hill, SMCDC, Sgt. Krista Morazes, SMCDC, and Cpl. Stephen J. Goddard, SMCDC, SHALL PROCEED. For reasons that follow, the court SHALL DISMISS Karen H. Abrams, Richard D. Fritz, Christina L. Taylor, and Kevin J. McDevitt as defendants, and SHALL ALSO DISMISS some of the other claims.

---

[1] Electronically accessed records from the Maryland Judiciary website show that on October 10, 2009, a jury in the Circuit Court for St. Mary's County found Mesmer guilty of driving under the influence and related traffic violations. Mesmer was sentenced to one month imprisonment and work release was authorized. *See* Case N. 18K09000495.

[2] Trooper Redmond's name is also spelled "Redman" in the Complaint.

## STANDARD OF REVIEW

Mesmer is a pro se litigant and the court accords his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007). Liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir.1990). The court is obliged to dismiss an action filed by a prisoner that fails to state a claim on which relief may be granted or seeks monetary relief from a defendant who is immune to such relief. *See* 28 U.S.C. §§ 1915(e)(2).

The standard for dismissal for failure to state a claim is analyzed under Fed. R. Civ. P. 12(b) (6) which tests the sufficiency of a complaint. Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" in order to survive a motion to dismiss. *Id*. at 555. " A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

## DISCUSSION

### Defendants Entitled to Dismissal

Judges acting in their judicial capacity are absolutely immune from suit under the doctrine of judicial immunity. *See Mireless v. Waco*, 502 U.S. 9,9, (1991); *Stump v. Sparkman*, 435 U.S. 349, 356, (1987). Other than expressing disagreement with Judge Abrams's ruling on the admission of evidence at trial, Mesmer provides no grounds to show that she acted beyond the scope of her judicial authority. Indeed, a decision about admission or exclusion of evidence is precisely the kind of decision a judge routinely makes during the course of judicial proceedings. Judge Abrams is entitled to absolute immunity and shall be dismissed as a defendant in this case.

When acting within the scope of their duties, prosecutors have immunity from damages liability for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Mesmer's only specific claim against Richard Fritz, State's Attorney for St. Mary's County, apart from his dissatisfaction with the outcome of his trial, is a conclusory and undefined allegation that Fritz "got to" his first defense counsel Andrew Alpert, Esq. As the claim fails to provide any legal or factual any basis for liability and the prosecutor is otherwise entitled to immunity for his actions at trial, Richard Fritz shall be dismissed as a defendant. Similarly, no specific claims are raised against Christina L. Taylor and she shall dismissed as a defendant.

Kevin J. McDevitt, Mesmer's trial counsel, is entitled to dismissal as a matter of law. Defense attorneys do not act "under color of" state law and are, therefore, not amenable to suit

under 42 U.S.C § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir.1976); *Hall v. Quillen*, 631 F.2d 1154, 1155 (4th Cir.1980); *Polk County v. Dodson*, 454 U.S. 312, 324, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981).

### Failure to State a Cause of Action

Mesmer may not attempt to bring criminal charges in a civil proceeding. Private citizens have no constitutional or other right to a federal criminal investigation, nor any judicially-cognizable interest in the prosecution or non-prosecution of another. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Sattler v. Johnson*, 857 F. 2d 224 (4th Cir. 1988). Federal criminal prosecutions are filed by the United States Attorney.[3] Mesmer's "belief" that state trooper Redmond and an unidentified passenger attempted to kill or harm him by running him down on the road on the evening of August 14, 2009, presents a criminal claim that may not be raised in his civil complaint. For the same reason, Mesmer's claims under criminal statutes 18 U.S.C. §§ 241 and 242 shall be dismissed.

Mesmer's dissatisfaction with retained defense counsel fails to support his claim that Defendants have engaged in a criminal conspiracy to obstruct justice by intimidation. Further, to the extent Mesmer believes that his arrest was improper, he was falsely imprisoned, and evidence against him was improperly admitted at trial, he must first exhaust his claims in the Maryland state courts on direct appeal or through post-conviction relief before raising them here. Damages may not be awarded for an allegedly unconstitutional term of imprisonment before issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)

---

[3] Mesmer implies that he has provided this information to the United States Department of Justice. The United States Attorney is empowered to file criminal charges.

(claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned.).

## CONCLUSION

Mesmer's excessive force and denial of medical care claims shall proceed against the Maryland State Police, Trooper SGT Redmond,[4] Trooper CPL Jeffrey Linger, and Trooper FC Robert Reeza, St. Mary's County Sherriff, Department of Corrections, George A. Hayden, SMCDC, Austin E. Bernard, SMCDC, Andre Hill, SMCDC, Sgt. Krista Morazes, SMCDC, and Cpl. Stephen J. Goddard; SMCDC.  Karen H. Abrams, Richard D. Fritz, Christina L. Taylor, and Kevin J. McDevitt shall be dismissed as defendants.  All other claims are dismissed for failure to state a cause of action upon which relief can be granted.  A separate Order follows.

Date:  May 6, 2010　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　　　　DEBORAH K. CHASANOW
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[4] Trooper Redmond's name is also spelled "Redman" in the Complaint.