IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND

                              :
WILLIAM MESMER
                              :
    v.                        :    Civil Action No. DKC 10-1053
                              :
ROBERT REZZA, et al.
                              :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this civil rights case is a motion for permissive joinder filed by Plaintiff William Mesmer. (ECF No. 23)[1]. No hearing is necessary and the court now rules. See Local Rule 105.6. For the reasons that follow, the motion, construed as a motion to amend, will be denied.

**I. Background**

On April 28, 2010, Mesmer filed a complaint asserting several claims against several individuals related to his March 27, 2009 arrest for driving while intoxicated. The crux of Mesmer's complaint was that certain Maryland State Police officers used excessive force in the course of his arrest. Mesmer alleged that those troopers and certain corrections

---

    [1]   Plaintiff later filed supplemental material. ECF No. 27.

officers at St. Mary's County Detention Center then denied him medical care for the resulting injuries. The complaint states that the troopers and corrections officers - in cooperation with the State's Attorney for St. Mary's County, a state judge, and his own trial counsel - conspired to cover-up their actions and wrongfully convict Mesmer in a subsequent trial.[2]

In an earlier opinion, the court concluded that Mesmer's complaint did not state a claim against many of the original defendants. (ECF No. 4). Of particular relevance here, the court determined that Mesmer did not state a viable claim against Richard Fritz, State's Attorney for St. Mary's County, or Assistant State's Attorney Christina Taylor. (*Id.* at 3). Mesmer was allowed to proceed on two claims pursuant to 42 U.S.C. § 1983: excessive force and denial of medical care. (*Id.* at 1).

The remaining defendants then moved to dismiss or, in the alternative, for summary judgment. (ECF Nos. 12, 17). After full briefing by the parties, judgment was entered in favor of all defendants except Maryland State Police troopers Robert Rezza and Roger Redmond on November 18, 2010. (ECF Nos. 24,

---

[2] A more detailed description of the relevant facts may be found in the court's prior opinion dated November 18, 2010. (ECF No. 24, at 2-15).

25). Redmond and Rezza have now answered the complaint. (ECF No. 26).

Just before the court issued its decision on the defendants' motions to dismiss, Mesmer filed the present motion for permissive joinder pursuant to Federal Rule of Civil Procedure 20(a)(2). (ECF Nos. 23 and 27). The motion stands unopposed.

## II. Analysis

Mesmer styles his motion as one for permissive joinder. Because he seeks to add defendants more than 21 days after a motion to dismiss was filed, Mesmer "must seek leave to amend the complaint under Federal Rule of Civil Procedure 15(a), and the joinder must also satisfy the requirements of Federal Rule of Civil Procedure 20(a)(2)." *Fontell v. MCGEO UFCW Local 1994*, No. AW-09-2526, 2010 WL 3086498, at *19 (D.Md. Aug. 6, 2010); *cf. Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007) (stating that the court should consider "both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a)"). Mesmer does not seek leave to amend. Nevertheless, given his *pro se* status and the nature of his claims, Mesmer's motion for permissive joinder will be construed a motion for leave to amend. *See Eakins v. Reed*, 710 F.2d 184, 186 (4th Cir. 1983)

3

("[D]istrict courts are under an obligation to ensure that technical problems of pleading, and practice and joinder do not prevent the prosecution of pro se civil rights actions.").

Federal Rule of Civil Procedure 15(a) provides that courts "should freely give leave [to amend] when justice so requires." Leave should be granted "[i]n the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Rule 20 introduces certain additional considerations. That rule would permit Mesmer to join parties in a single action if (1) a right to relief is asserted against the defendants with respect to the same transaction or occurrence; and (2) a common question of law or fact will arise in the action. Fed.R.Civ.P. 20(a)(2); *see also Hinson v. Norwest Fin. S. Carolina, Inc.*, 239 F.3d 611, 618 (4th Cir. 2001). The rule grants courts "wide discretion concerning the permissive joinder of parties." *Aleman*, 485 F.3d at 218 n.5; *accord Jeffcoat v. Blyth Eastman Paine Webber, Inc.*, Nos. 88-2084, 88-2671, 1990 WL 15556, at *3 (4th Cir. 1990) ("The provisions for permissive joinder . . . are very broad and the court is given discretion to decide the scope

4

of the civil action." (quotation marks and brackets omitted)). The permissive joinder rule is to be construed in view of its purposes "to promote trial convenience and expedite the final determination of disputes." *Aleman*, 485 F.3d at 218 n.5 (quoting *Saval v. BL, Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983)). If the addition of parties would not promote these objectives – or if it would result in prejudice, expense, or delay – the court may deny joinder. *Id.*

Mesmer's motion is a bit difficult to decipher. For one, it is not exactly clear how he wishes to join his proposed additional defendants. Although he states that "the cause of action remains as stated by the plaintiff in the original complaint" (ECF No. 23, at 2), he has also provided four pages of additional "complaints" that he wishes to add to the "complaints that are presently on the record" (*id.* at 3-6). Even assuming that the new "complaints" are meant to buttress the original complaint, Mesmer's request for joinder must be denied for several reasons.

Mesmer first seeks to join Fritz and Taylor to the action (again). Adding these defendants would be futile. It is likely a rare occasion when the purposes of Rule 20(a) would be served by permitting the reinstatement of claims against previously dismissed defendants, and this is not such an occasion, even

5

when Plaintiff's supplemental material is considered.  As the court has already explained, Mesmer has not provided any legal or factual basis for imposing liability on Fritz or Taylor.[3]  The assertions he appends to his motion for joinder do not help, as they consist of conclusory legal assertions entirely devoid of facts.  A court is not required to give credence to such "threadbare recitals of a cause of action's elements, supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940 (2009).  Moreover, Mesmer does not explain how the alleged acts of these defendants relate to the same transaction or occurrence as claims currently pending in this suit, and "a Plaintiff cannot satisfy the requirements of Rule 20(a) with conclusory allegations of a conspiracy."  *Jackson v. Olsen*, No. 3:09cv43, 2010 WL 724023, at *1 (E.D.Va. Mar. 1, 2010).  Fritz and Taylor may not be joined as defendants.

Mesmer's list of proposed defendants also includes Jeffrey Linger, a Maryland State Police trooper.  At the time he filed his motion for joinder, Mesmer did not have the benefit of the court's November 2010 opinion and order.  Because the court entered judgment in favor of Linger at that time, Mesmer will

---

[3]  In addition, "a prosecutor is otherwise entitled to immunity for his actions at trial."  (ECF No. 4, at 3).

not be permitted to bring him back as a defendant again.  Linger may not be joined.

Mesmer also wishes to add another Maryland State Police trooper to the case, Michael Thompson.  "Rule 20 requires that a right to relief be asserted against *each defendant* in order to allow their joinder."  7 Charles Alan Wright, et al., *Federal Practice & Procedure* § 1656 (2001) (emphasis added).  (*See also* ECF No. 24, at 24 ("To be liable under 42 U.S.C. § 1983, there must be personal involvement by the defendant in the alleged violation.")).  Thompson is not mentioned anywhere in the original complaint.  The additional allegations offered by the motion for joinder do not help either, as Mesmer simply advances a string of legal assertions entirely devoid of factual allegations.  (*See, e.g.*, ECF No. 23, at 5 ("Thompson; did commit egregious misconduct by withholding exculpatory evidence, and by submitting perjured testimony as set forth in Brady v. Maryland; did abuse powers entrusted; did violate the plaintiff's constitutionally protect Sixth and Fourteenth Amendment rights . . .")).  If Mesmer believes Thompson is involved, he must plead specific facts.  Lacking any here, he cannot be joined.

Finally, Mesmer seeks to join a John Doe Maryland State Police trooper, who he says "can be identified by the Plaintiff

but as of this date his identity remains protected by Troopers Rezza, Redmond, Linger, and Lt. Thompson." (ECF No. 23, at 1, 3, 6). Adding a John Doe defendant at this time would not serve any function. Naming a John Doe defendant, for instance, will not stop the statute of limitations from running on that defendant. A lack of knowledge of the true identity of a party does not qualify as a 'mistake' under Rule 15 of the Federal Rules of Civil Procedure; consequently, a later amendment substituting the real name of the John Doe defendant would not relate back to the time when the fictitious defendant was first sued. *See generally Barnes v. Prince George's Cnty., Md.*, 214 F.R.D. 379 (D.Md. 2003). Once a scheduling order is entered, the court will permit Mesmer to seek discovery concerning the true identity of the John Doe trooper. He will then be permitted to seek leave to amend to add the proper party.[4] For now, though, he will not be permitted to add this defendant.

---

[4] Mesmer is cautioned to conduct discovery on this issue expeditiously. Maryland's general statute of limitations provides that "[a] civil action at law shall be filed within three years from the date it accrues." Md.Code Ann., Cts. & Jud. Proc. § 5-101. This court has previously applied the three-year statute in the Section 1983 context. *See, e.g.*, *Shield Our Constitutional Rights & Justice v. Hicks*, No. DKC 09-0940, 2009 WL 3747199, at *6 (D.Md. Nov. 4, 2009); *Hall v. Holwager*, No. DKC-09-2153, 2009 WL 3156532, at *2 n.2 (D.Md. Sept. 25, 2009). The time of accrual is "when [the] plaintiff knows or has reason to know of the injury which is the basis of the action." *Nat'l Advertising Co. v. City of Raleigh*, 947 F.2d

**III. Conclusion**

For the foregoing reasons, Mesmer's motion for permissive joinder, construed as a motion to amend, will be denied. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge

---

1158, 1162 (4th Cir. 1991). Accordingly, the three-year statute of limitations will bar any additional claim relating to the alleged instance of excessive force at the police barracks on March 27, 2012.