IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM MESMER          :
                        :
    v.                  :   Civil Action No. DKC 10-1053
                        :
ROBERT REZZA, et al.    :
                        :

**MEMORANDUM OPINION**

Several motions filed by Plaintiff William Mesmer are presently pending, including a motion for a preliminary injunction (ECF No. 36), a motion for a continuance (ECF No. 38), and a motion for discovery (ECF No. 39). The court now rules, no hearing being deemed necessary. *See* Local Rule 105.6. For the reasons that follow, all three motions will be denied.

**I.   Background**[1]

Mesmer filed this action under 42 U.S.C. § 1983 on April 28, 2010. In his original complaint, Mesmer asserted a variety of claims against several defendants involved in his March 2009 arrest for driving while intoxicated. Mesmer alleges that several Maryland State Police officers used excessive force in

---

[1] This discussion of the facts presumes some familiarity with the three prior decisions in this case. *See Mesmer v. Rezza*, No. DKC 10-1053, 2011 WL 582578 (D.Md. Feb. 9, 2011); *Mesmer v. St. Mary's County*, No. DKC 10-1053, 2010 WL 4791884 (D.Md. Nov. 18, 2010); *Mesmer v. St. Mary's Cnty.*, No. DKC 10-1053, 2010 WL 1881772 (D.Md. May 2, 2010).

the course of that arrest.  The troopers and several corrections officers at St. Mary's County Detention Center then purportedly denied him medical care for the injuries he supposedly suffered at the hands of the troopers.  Later, the troopers, corrections officers, and various state officials allegedly conspired to cover up the events surrounding the assault by wrongfully convicting Mesmer in state court.  In two prior decisions, the court dismissed many of Mesmer's original defendants and claims, leaving only claims for excessive force and denial of medical care against Maryland State Police troopers Robert Rezza and Roger Redmond.

On April 12, 2011, Mesmer filed the present motion for a preliminary injunction, which requests "immediate injunctive relief to proceed with this civil litigation without the unabated harassment of the St. Mary's County Circuit Court." (ECF No. 36, at 1).  Public records indicate that Mesmer was recently charged with a violation of his probation stemming from the March 2009 drunk driving arrest.  *See State v. Mesmer*, No. 18K0900495 (Md.Cir.Ct. reopened Apr. 6, 2011).  Evidently, Mesmer was consequently incarcerated – and he now requests his release.  Neither of the two remaining defendants filed any response.  Later, Mesmer filed a motion for a continuance and a motion for discovery.  (ECF Nos. 38, 39).

**II. Analysis**

   **A.   Motion for Preliminary Injunction**

In his preliminary injunction motion, Mesmer asks this court to order his immediate release from jail and to enjoin St. Mary's County Circuit Court from further harassing him. (ECF No. 36). At the time of his motion, authorities in St. Mary's County had apparently detained him for a violation of his probation.[2] For several reasons, Mesmer is not entitled to an injunction.

<u>First</u>, federal courts generally should not interfere with ongoing state proceedings like those in which Mesmer is involved (that is, proceedings implicating an important state interest). *See Martin v. Stewart*, 499 F.3d 360, 363 (4th Cir. 2007) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). This doctrine, called *Younger* abstention, recognizes that state courts are capable of deciding federal and constitutional issues without the meddling of federal courts. *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994). Although the doctrine began as a means to keep federal courts out of criminal proceedings, it has since expanded to reach certain civil and administrative actions. *See Emp'rs Res. Mgmt. Co.,*

---

[2]   It is unclear whether he remains incarcerated. If any present or future incarceration renders Mesmer unable to take depositions or otherwise conduct discovery, the parties should inform the court.

3

*Inc. v. Shannon*, 65 F.3d 1126, 1134 n.7 (4th Cir. 1995); *Carter v. Maryland Comm'n on Med. Discipline*, 639 F.Supp. 542, 545 (D.Md. 1986). It quite obviously applies to quasi-criminal proceedings. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975).

Abstention is justified here. A court should abstain from interfering in state proceedings if there is "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests, and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." *Nivens v. Gilchrist*, 319 F.3d 151, 153 (4th Cir. 2003) (*citing Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982)). Each of those three circumstances is present in this case. The probation revocation relates back to Mesmer's original criminal conviction, which was initiated before Mesmer's present suit. *See, e.g.*, *United States v. Hawkins*, 675 F.Supp.2d 617, 620 (E.D.Va. 2009); *accord Milnes v. Samples*, No. 88-7584, 1988 WL 105445, at *2 (4th Cir. Sept. 22, 1988). The state of Maryland has an important, substantial, and vital interest in preventing violations of its criminal laws; the probation system serves that interest. *Younger*, 401 U.S. at 43-44; *accord Nivens*, 319 F.3d at 154. And even though Mesmer

makes baseless allegations that the state courts are "biased,"[3] there is no real suggestion that the state courts will deny Mesmer an opportunity to raise his present complaints. Finally, there are no "extraordinary circumstances" justifying intervention. *Nivens*, 319 F.3d at 154. In the end, Mesmer's requested injunction plainly violates "the spirit of the *Younger* doctrine, since he is trying to derail an ongoing probation revocation proceeding." *Sarlund v. Anderson*, 205 F.3d 973, 975 (7th Cir. 2000).

Second, Mesmer must comply with the requirements of habeas corpus, which he has not done. Habeas corpus is the exclusive remedy for a state prisoner such as Mesmer who challenges the fact or duration of his confinement and seeks immediate release. *Young v. Nickols*, 413 F.3d 416, 418 (4th Cir. 2005) (quotation marks omitted); *accord Jenkins v. Haubert*, 179 F.3d 19, 24 (2d Cir. 1999). The United States Court of Appeals for the Fourth Circuit has consistently quashed challenges to state imprisonment in the guise of other actions. *Leonard v. Hammond*, 804 F.2d 838, 840 (1986). Thus, no matter what label a prisoner affixes to his claim, a state prisoner's appeal to a federal

---

[3] Mesmer maintains the state court system is biased against him because he is being incarcerated by "[t]he VERY County that is being civilly litigated as defendants in this case." (ECF No. 36-1, at 2). St. Mary's County, however, is not a defendant in this suit.

5

court for release must meet the requirements for habeas relief. *Harvey v. Horan*, 278 F.3d 370, 378 (4th Cir. 2002), *abrogated on other grounds by Skinner v. Switzer*, 131 S.Ct. 1289 (Mar. 7, 2011).

Mesmer has not established that he has satisfied the exhaustion requirements for habeas relief. *See* 28 U.S.C. § 2254(b). He has not evidently exhausted remedies in state court. He has not established an absence of such remedies. And he has not described circumstances "that render such process ineffective." 28 U.S.C. § 2254(b)(1)(ii). Nor do Mesmer's unsubstantiated accusations of bias provide any excuse for his failure to exhaust, as a habeas petitioner "may not bypass the state courts simply because he thinks they will be unsympathetic to [his] claim." *Engle v. Isaac*, 456 U.S. 107, 130 (1982). Without exhaustion, there is no right to relief.

Third, Mesmer would not be entitled to relief even if the court considered his motion under the ordinary preliminary injunction standard. "A preliminary injunction is an extraordinary remedy." *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 345 (4th Cir.2009), *vacated on other grounds by* 130 S.Ct. 2371, 176 L.Ed.2d 764 (2010) *and reissued in relevant part on remand*, 607 F.3d 355 (4th Cir. 2010). To obtain a preliminary injunction, a plaintiff must establish four elements: "[1] that he is likely to succeed on

the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id.* at 364 (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). Plaintiff must make a clear showing of each of the four elements to obtain relief. *Id.*

Plaintiff has not made a clear showing as to any of the four elements. He has not made any real showing that he is likely to succeed on the merits of the underlying action; the sum and substance of his evidence principally consists of his own affidavit. He argues that continued incarceration would cause irreparable harm because he would be unable to continue this action, but such a claim is belied by the fact that he has filed several matters in this court since his incarceration. Neither the balance of the equities nor the public interest weighs in his favor, either. Indeed, ordering Mesmer's release would do harm to the coextensive interests of the state and the public in ensuring that probation rehabilitates the offender while keeping the community safe. *United States v. Midgette*, 478 F.3d 616, 623 (4th Cir. 2007).

Mesmer's motion for a preliminary injunction will be denied.

**B. Motion for a Continuance**

Mesmer seeks a continuance of this action, evidently for several reasons. (ECF No. 38). First, he asks that the case be continued until a motion he filed in state court can be decided. Second, he argues that he needs additional time to locate another potential defendant. Third, he states that he has been "surprised."

Motions for continuances are more commonly seen in criminal cases. One might view Mesmer's motion as a request to modify the scheduling order, in which case Mesmer would need to establish good cause. Fed.R.Civ.P. 16(b); *see also* Fed.R.Civ.P. 6(b). Alternatively, one might construe his motion as a motion to stay. In that case, the court would "look to factors such as the length of the requested stay, the hardship that that the movant would face if the motion were denied, the burden a stay would impose on the nonmovant, and whether the stay would promote judicial economy by avoiding duplicative litigation." *In re Mut. Funds Inv. Litig.*, No. JFM-04-564, 2011 WL 1527012, at *1 (D.Md. Apr. 20, 2011).

Mesmer's motion would fail under either standard, as none of his proffered reasons justifies a continuance. Mesmer's state court motion does not merit a continuance; while the motion might concern events *related* to this case, the state court's decision on that motion will have no apparent impact on

this matter. The only question remaining in this action is whether two Maryland State Police troopers used excessive force on Mesmer and subsequently denied him medical care. The state court motion apparently concerns the validity of his state court conviction for driving while intoxicated, a matter not at issue here. The potential addition of another defendant also does not justify a continuance, as Mesmer has had more than enough time to conduct necessary discovery and amend his pleadings if he needs to do so (and in fact, discovery is ongoing). As for his claim that he has been "surprised," it is not even clear what Mesmer is arguing. To the extent that he has learned new facts during the course of discovery, learning new facts is exactly the purpose discovery is intended to serve.

The motion for a continuance will be denied. The following scheduling order remains in effect in accordance with the court's prior order (ECF No. 30):

- **February 23, 2011**: Rule 26(a)(1) disclosures were required to be served on opposing parties.

- **June 24, 2011**: Depositions and other discovery must be completed. Interrogatories and requests for production of documents must be served on the opposing party early enough to allow a response before this deadline.

- **June 24, 2011:** Status report must be filed.

- **July 25, 2011:** Motions for summary judgment must be filed.

### C. Motion for Discovery

Mesmer filed a "motion for discovery and inspection" with the court asking the State of Maryland to furnish the ranks and photographs of two Maryland State Police officers. (ECF No. 39). The court has now explained on several occasions that discovery materials are not to be filed with the court. (ECF Nos. 30, 32, 35). *See* Local Rule 104.5. This motion will be denied for the same reason.

It is worth noting that the State of Maryland is not a party to this lawsuit. Different procedures apply when seeking information from a third party. *See* Fed.R.Civ.P. 45; *accord Boukadoum v. Hubanks*, 239 F.R.D. 427, 429 (D.Md. 2006). If Mesmer wants something from the State, he must follow those procedures.

### III. Conclusion

For the foregoing reasons, Mesmer's motion for a preliminary injunction, motion for a continuance, and motion for discovery will all be denied. A separate order will follow.

                                              /s/
                                   DEBORAH K. CHASANOW
                                   United States District Judge