IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM MESMER

    v.  :  Civil Action No. DKC 10-1053

ROBERT REZZA, et al.

**MEMORANDUM OPINION**

Presently pending and ready for review in this civil rights case is the motion for relief from judgment or order and for permissive joinder of defendants filed by Defendant William Mesmer, proceeding *pro se*. (ECF No. 46). Also pending are two discovery motions. (ECF Nos. 48, 51). The issues have been briefed, and the court now rules, no hearing deemed necessary. Local Rule 105.6. For the following reasons, the motion for relief from judgment or order and for permissive joinder of defendants will be granted in part and denied in part. The remaining motions will be granted, with some modification of the requested scheduling order deadline extensions.

**I. Background**

On April 28, 2010, Mesmer filed this action under 42 U.S.C. § 1983, alleging that several Maryland State Police officers used excessive force in the course of arresting him in March 2009 for driving while intoxicated. Mesmer further alleged that

those troopers and several corrections officers at St. Mary's County Detention Center denied him medical care for the injuries he purportedly suffered as a result. According to Mesmer, the troopers, corrections officers, and various state officials conspired to cover up the events surrounding the arrest by wrongfully convicting him in state court.

In two prior decisions, the court dismissed many of the original defendants and claims, leaving only claims for excessive force and denial of medical care against Maryland State Police troopers Robert Rezza and Roger Redmond. (ECF Nos. 4, 24). Of particular relevance here, the court determined that judgment as a matter of law was warranted in favor of the Maryland State Police and Corporal Jeffrey Linger. (ECF No. 24, at 24-25, 29). The court also denied a motion for joinder filed by Mesmer after Linger's dismissal from the case seeking to rejoin Linger as a defendant and to join Barracks Commander Michael Thompson as a new defendant. (ECF No. 28).

On August 19, 2011, Mesmer filed the present "Motion for Relief from Judgment or Order and for Permissive Join[d]er of Defendants," which seeks to set aside the court's November 18, 2010, memorandum opinion and order granting summary judgment in favor of the Maryland State Police, Linger, and the St. Mary's County corrections officers. (ECF No. 46). Mesmer's motion also attempts to rejoin the Maryland State Police, Linger, and

Thompson as defendants, and to join Corporal Jackson[1] as a new defendant. (*Id.*). Defendants opposed on September 12, 2011. (ECF No. 47). Mesmer did not reply.

**II. Analysis**

    **A. Permissive Joinder**

Mesmer styles his motion in part as one for permissive joinder. He does not seek leave to amend. In fact, this is the second time that Mesmer has made this error in motions practice. (*See* ECF No. 23). Nevertheless, given his *pro se* status and the nature of his claims, Mesmer's motion for permissive joinder will be construed as a motion for leave to amend. *See Eakins v. Reed*, 710 F.2d 184, 186 (4th Cir. 1983) ("[D]istrict courts are under an obligation to ensure that technical problems of pleading, and practice and joinder do not prevent the prosecution of pro se civil rights actions.").

Federal Rule of Civil Procedure 15(a) provides that courts "should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15. Leave should be granted "[i]n the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by

---

[1] Neither side provides the first name for Corporal Jackson.

virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Rule 20 introduces certain additional considerations. That rule would permit Mesmer to join parties in a single action if (1) a right to relief is asserted against the defendants with respect to the same transaction or occurrence; and (2) a common question of law or fact will arise in the action. Fed.R.Civ.P. 20(a)(2); *see also Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 618 (4th Cir. 2001). The rule grants courts "wide discretion concerning the permissive joinder of parties." *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007); *accord Jeffcoat v. Blyth Eastman Paine Webber, Inc.*, 896 F.2d 1367, 1990 WL 15556, at *3 (4th Cir. 1990) (unpublished table opinion) ("The provisions for permissive joinder . . . are very broad and the court is given discretion to decide the scope of the civil action." (internal quotations omitted)). The permissive joinder rule is to be construed in view of its purposes "to promote trial convenience and expedite the final determination of disputes." *Aleman*, 485 F.3d at 218 n.5 (quoting *Saval v. BL, Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983)). If the addition of parties would not promote these objectives - or if it would result in prejudice, expense, or delay - the court may deny joinder. *Id.*

4

Here, Mesmer retreads old territory in part by seeking to join the Maryland State Police, Linger, and Thompson. This motion is Mesmer's second attempt to join the Maryland State Police as a defendant, and it is his third attempt to join Linger and Thompson as defendants. For the reasons set forth in the court's November 18, 2010, memorandum opinion (ECF No. 24), judgment was entered in favor of the Maryland State Police and Linger, and for the reasons set forth in the court's February 9, 2011, memorandum opinion (ECF No. 28), Thompson was not joined. Since then, Mesmer has provided neither legal justification nor new factual allegations or evidence for why any of these three parties should be rejoined. The Maryland State Police, Linger, and Thompson may not be joined as defendants.[2]

As to Corporal Jackson, in Mesmer's motion, Mesmer newly alleges that "Maryland State Trooper, Corporal Jackson, has been positively identified by the Plaintiff as the Trooper who, while acting under the color of law, slammed the Plaintiff's head through the wall at the Leonardtown MSP Barracks while the Plaintiff was in handcuffs and seated on a bench." (ECF No. 46, at 2). Corporal Jackson appears to be the "'unknown' Trooper"

---

[2] While *pro se* plaintiffs are granted substantial leeway in how they litigate a case, there are limits to the latitude afforded even to them. In light of his multiple, unsuccessful attempts to join these parties as defendants, Mesmer is cautioned against further attempts to rejoin them without any good faith reasons.

5

who was involved in the alleged use of excessive force and denial of medical care referred to in the complaint. (*E.g.*, ECF No. 1, at 14). Thus, Mesmer's addition of Corporal Jackson as a Defendant satisfies the requirement that relief sought against all joined defendants relate to the "same transaction or occurrence." *See* Fed.R.Civ.P. 20(a)(2).

Although Mesmer has not explained how exactly he came to learn this information, the pending motion is the first time in this case that he has specifically alleged involvement in the events at issue by a "Corporal Jackson." Mesmer presumably gathered this information through discovery,[3] which the court anticipated in its February 9, 2011, order. Per that order, the court finds that it is now expeditious to join Corporal Jackson as a defendant, as discovery appears to be fruitful in determining the true identity of the unknown trooper. Furthermore, despite Defendants' protestations regarding the lack of context behind Mesmer's new allegation, they do not actually deny the existence of Corporal Jackson or his putative participation in the events of March 27, 2009. Mesmer's motion for permissive joinder will be granted in part accordingly. In

---

[3] On May 31, 2011, Mesmer filed a "Motion for Discovery and Inspection." (ECF No. 39). On June 2, 2011, this motion was denied because discovery materials are not to be filed with the court. (ECF No. 42). The court notes, however, that in Mesmer's motion, he sought the rank and photograph of an MSP Trooper "R. Jackson." (ECF No. 39, at 1).

addition, given Mesmer's *pro se* status, the complaint shall be served on Corporal Jackson by the United States Marshal. *See* Fed.R.Civ.P. 4(c)(3).

**B.    Relief from a Judgment or Order**

Although Mesmer requests that he be relieved from the court's November 18, 2010, memorandum opinion and order pursuant to Federal Rule of Civil Procedure 60, his motion is more appropriately analyzed under Rule 54. Rule 60 governs where there has been a "final judgment, order, or proceeding." Fed.R.Civ.P. 60. The November 18, 2010, order was not a "final judgment," however. *See* Fed.R.Civ.P. Rule 54(b) ("[A]ny order or other decision, however designated, that adjudicates . . . the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating . . . all the parties' rights and liabilities."). Thus, Mesmer's motion for relief from judgment is better construed as a motion for reconsideration of an interlocutory order under Rule 54(b). *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469-70 (4th Cir. 1991).

The precise standard governing a motion for reconsideration of an interlocutory order is unclear. *Id.* at 1472. While the standards articulated in Rules 59(e) and 60(b) are not binding in an analysis of Rule 54(b) motions, *see Am. Canoe Ass'n v.*

7

*Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003), courts frequently look to these standards for guidance in considering such motions, *Akeva L.L.C. v. Adidas Am., Inc.*, 385 F.Supp.2d 559, 565-66 (M.D.N.C. 2005).

> Public policy favors an end to litigation and recognizes that efficient operation requires the avoidance of re-arguing questions that have already been decided. Most courts have adhered to a fairly narrow set of grounds on which to reconsider their interlocutory orders and opinions. Courts will reconsider an interlocutory order in the following situations: (1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice.

*Id.* (citations omitted); *see also Beyond Sys., Inc. v. Kraft Foods., Inc.*, No. PJM-08-409, 2010 WL 3059344, at *1-2 (D.Md. Aug. 4, 2010) (applying this three-part test when evaluating a motion for reconsideration under Rule 54(b)). A motion for reconsideration under Rule 54(b) may not be used merely to reiterate arguments previously rejected by the court. *Beyond Sys., Inc.*, 2010 WL 3059344, at *2.

The crux of Mesmer's argument for relief appears to be based on new evidence of "fraud, perjury and conspiracy" committed by Defendants. (ECF No. 46, at 2). In response, Defendants point out that "[a]side from bald allegations, Plaintiff has presented no evidence to support any ground . . .

set forth in his motion." (ECF No. 47, at 2-3). Here, Mesmer has not identified any change in controlling law, additional evidence that was not previously available, or clear error that would alter the court's November 18, 2010, memorandum opinion and order. Indeed, he has attached no documents, affidavits, or declarations to his motion. Instead, Mesmer proposes to proffer evidence via oral argument before the court. (ECF No. 46, at 4). Without at least a sworn statement describing what new evidence he purports to have, how he came to have it, and why he could not have gathered that evidence prior to the court's November 18, 2010, decision, however, Mesmer's request for an evidentiary hearing is denied.

Even if Mesmer had verified his motion for relief, his request for a hearing and, consequently, his motion would be denied. The only new piece of information Mesmer purports to have is the last name of the officer who actually "slammed the Plaintiff's head through the wall" when Mesmer was held at the barracks — Corporal Jackson. (ECF No. 46, at 2). This new information, although relevant to his motion for joinder, is completely unrelated to any of the claims or specific Defendants considered in the November 18, 2010, memorandum opinion and order. Accordingly, Mesmer's motion for relief from judgment or order — construed as a motion for reconsideration of an interlocutory order — will be denied.

### C. Discovery Motions

On September 14, 2011, Defendants filed a motion to compel discovery responses. (ECF No. 48). Specifically, Defendants seek a response from Mesmer to their May 24, 2011, discovery requests. Per Federal Rule 37(a) and Local Rules 104.7 and 104.8, Defendants have in good faith attempted to confer with Mesmer regarding the dispute, and they have provided a certificate detailing their efforts. (ECF No. 48-8). Despite Defendants' diligence, Mesmer has failed to provide any responses to their requests nor has he timely objected to their requests. Moreover, Mesmer has not opposed the motion to compel, thus providing no explanation for his delinquency. Accordingly, the motion to compel will be granted. Mesmer will be directed to respond to Defendants' May 24, 2011, discovery requests by **December 14, 2011**.

Due to this discovery dispute, on September 26, 2011, the amended deadline for discovery,[4] Defendants filed a motion to modify the scheduling order to extend the time for discovery and the filing of pretrial motions. (ECF No. 51). Mesmer has not opposed this motion either. Federal Rule 16(b)(4) states that "[a] schedule may be modified only for good cause and with the

---

[4] The scheduling order originally set June 24, 2011, as the close of discovery. (ECF No. 30). That deadline was subsequently extended to September 26, 2011. (ECF No. 45).

10

judge's consent." The primary consideration for Rule 16(b)'s "good cause" standard is the movant's diligence. Lack of diligence and carelessness are the "hallmarks of failure to meet the good cause standard." *W. Va. Hous. Dev. Fund v. Ocwen Tech. Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D.W.Va. 2001). "'[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.'" *Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D.W.Va. 1995) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). The court also considers whether the non-moving party could be prejudiced by the delay, the length of the delay, and whether the movant acted in good faith. *Tawwaab v. Va. Linen Serv., Inc.*, 729 F.Supp.2d 757, 768-69 (D.Md. 2010). Here, as noted, Defendants have been fully diligent in their efforts to obtain responses to their discovery requests, and Mesmer has utterly failed to respond in kind. A party's failure to respond to discovery requests or assert timely objections to those requests constitutes good cause for modifying a scheduling order. *See, e.g.*, *Heil v. Belle Starr Saloon & Casino*, No. CIV. 09-5074-JLV, 2011 WL 1256859, at *11 (D.S.D. Mar. 30, 2011). Furthermore, there is no hint of bad faith on the part of Defendants, and Mesmer has indicated no prejudice that he would suffer should the scheduling order be modified.

Accordingly, the motion to modify the scheduling order will be granted. The scheduling order will be modified to accommodate Defendants' request as well as the addition of Corporal Jackson as a Defendant as follows:

- **January 13, 2012**: Depositions and other discovery must be completed. Interrogatories and requests for production of documents must be served on the opposing party early enough to allow a response before this deadline.

- **January 13, 2012**: Post-discovery status report must be filed.

- **February 13, 2012**: Dispositive pretrial motions must be filed.

**III. Conclusion**

For the foregoing reasons, the motion for relief from judgment or order and for permissive joinder of defendants filed by Defendant Mesmer will be granted in part and denied in part. The remaining motions will be granted, with modification. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
